IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:09-931-CMC |
|---|---|
| v. | |
| Derrick Gibson, | Opinion and Order |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant filed a motion for appointment of counsel and to compel sentence reduction on June 15, 2016. ECF No. 163. The court notified Defendant of its intent to construe the motion as a § 2255 motion and directed the Government to respond. ECF No. 164. The Government filed a response in opposition and memorandum in support of a motion to dismiss. ECF No. 166. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the response procedure and the consequences if he failed to respond. ECF No. 167. On August 3 2016, Defendant filed a reply, again requesting counsel to assist with "pursuing his rights and responsibilities under the Johnson v. United States." [sic]. ECF No. 168.[1]

### I. Background

On August 19, 2009, Defendant was charged in an indictment in this District with three counts: conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B); possession with intent to distribute cocaine

---

[1] While Defendant requests counsel, this motion is decided as a matter of law. As Defendant is not entitled to relief under *Johnson v. United States*, counsel would be unable to assist him with his claims.

base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C); and knowingly using and carrying a firearm during and in relation to, and possessing the firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c).  ECF No. 2.

On January 6, 2011, Defendant entered into a written plea agreement to plead to the lesser included drug conspiracy charged in Count 1, conspiracy to possess with intent to distribute cocaine and cocaine base (500 grams or more), and count 5, the § 924(c) charge.  ECF No. 76.  As a part of the plea agreement, Defendant waived his direct appeal rights and his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct.  On January 7, 2011, Defendant appeared before this court and pled guilty as above.  ECF No. 80.

On April 18, 2011, Defendant appeared for sentencing.  The court sentenced Defendant to a total term of 144 months, consisting of 84 months on count 1 (the distribution count) and 60 months consecutive as to count 5 (the 924(c)).  ECF No. 97.  Defendant did not file a direct appeal.  On September 5, 2014, an Amended Judgment was entered following a Rule 35 motion, and reduced Defendant's sentence to a total of 94 months.  ECF No. 152.

## II.     18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ."  18 U.S.C. 924(c).

A "drug trafficking crime" for purposes of § 924(c) means "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 et seq.), the Controlled Substances Import and

2

Export Act (21 U.S.C. §§ 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). For purposes of this statue, a "violent felony" is defined as:

> an offense that is a felony and –
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

### III. Application of *Johnson*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.[2]

---

[2] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

3

In order for Defendant to be entitled to relief, the newly recognized right established in *Johnson* must be applicable not only to the ACCA, but to § 924(c) as well, which contains a residual clause in its definition of violent felony (§ 924(c)(3)(B)). The Fourth Circuit recently noted that it was "not persuaded" that *Johnson* applied only to the ACCA's residual clause and not the residual clause found in § 924(c)(3)(B). *See In re Creadell Hubbard*, No. 15-276, __ F.3d __, 2016 WL 3181417, at *3 (4th Cir. June 8, 2016). Although dealing with the standard for review of an application under § 2244 for permission to file a second or successive § 2255 motion, instead of the standard for relief under § 2255, the Fourth Circuit suggested that the residual clause of § 924(c) may also be invalidated by *Johnson*. *Id.*

### IV.   Discussion

In this case it is not necessary to make a determination whether the residual clause in § 924(c)(3)(B) was invalidated by *Johnson*. Defendant's underlying conviction, upon which his § 924(c) conviction was based, was not a "crime of violence" as set forth in § 924(c)(3). Instead, Defendant was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). This qualifies as a "drug

---

> United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). Due to *Welch*, § 2255(f)(3) is applicable to *Johnson* cases on collateral review, and defendants had until June 26, 2016 to file.

trafficking crime" as listed in § 924(c)(2), and has no bearing on the "crime of violence" analysis. If *Johnson* impacts § 924(c) at all it would only serve to invalidate the residual clause in the crime of violence portion (§ 924(c)(3)(B)). The drug trafficking portion of § 924(c)(2) does not have a residual clause, and states with particularity which charges serve as underlying crimes for a § 924(c) conviction. Therefore, the Supreme Court's holding in *Johnson* has no effect on convictions for § 924(c) based on drug trafficking crimes. As Defendant's § 924(c) conviction rests on a drug trafficking crime, he is not entitled to relief under *Johnson*.

The Fourth Circuit has upheld a § 924(c) conviction after *Johnson* where the conviction was based on both a drug trafficking crime and a crime of violence. *United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016). In that case, the Court of Appeals declined to reach the merits of a claim that an underlying Hobbs Act robbery offense could no longer be a crime of violence under the § 924(c) residual clause, because the § 924(c) conviction was also based on a drug trafficking crime. *Id.* In this case, Defendant's § 924(c) conviction is based solely upon a drug trafficking crime, and therefore stands despite *Johnson*.

### V.     Conclusion

Defendant's challenge of his conviction under § 924(c) fails because this charge is predicated on a drug trafficking crime, not a crime of violence, and that portion of the statute is unaffected by the *Johnson* ruling. Therefore, Defendant's § 2255 motion is hereby **dismissed**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

5

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 9, 2016

6